UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6270-Graham
Magistrate Judge Turnoff

UNITED STATES OF AMERICA )
)
)
v. )
)
HANNIBAL PENNY, et al. )
)
Defendants. )
_____)

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER
AS TO DEFENDANT HANNIBAL PENNY

The United States hereby files this response to the Standing Discovery Order issued with respect to defendant HANNIBAL PENNY. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

This response refers to copies documents and audio and video tapes that are being provided to defense counsel. The documents are bates labeled 1 - 1329. (Documents bates labeled 1 - 819 are documents previously provided to counsel for codefendant Dudley.) Please advise the undersigned if you are missing any documents. Please note that due to the volume, the documents are not being filed with the court. The items provided along with this discovery response are __not__ all evidence that the government may intend to introduce at trial. Please note that, as indicated below, a large volume of additional documents and tapes are available for

inspection by making <u>appointment with FBI Special Agent Colleen O'Neal at (305) 957-7406</u>.

    A.    1.    Together with this response, the government is providing counsel with the following recordings and transcripts:

- audio tapes and transcripts of Penny's conversations relating to counts 11-20 of the indictment, along with Best Marketing's sales records and FBI reports ("302's") of victims relating to those counts.
- audio tapes of the following conversations by Penny: with Tom Long on 2/96; with Bernard Baker on 4/2-3/96, 4/9/96, and 6/9/96; with Vickie Keel on 3/1/96; with Rick Clark on 4/17/96; and with Alvin Goins on 7/10/96.
- audio tapes and transcripts of conversations of Penny and his coconspirators recorded with the assistance of a cooperating individual, Robert Lipp, on 2/26/96 (3 tapes) and 2/27/96 (1 tape).
- video tapes: by the cooperating witness on 2/28/96; surveillance on 2/29/96; surveillance on 3/5/96; search warrant on 7/17/96.
- Transcripts of codefendant Dudley's conversations relating to counts 2-10. (Also available for inspection are audio tapes relating to counts 2-10 and relating to additional conversations by Dudley with victims and with investigators acting undercover.)

Please note, as indicated in the response provided to counsel for Dudley, that there are estimated to be thousands of hours of recorded conversations between coconspirators and customers of Best Marketing, Inc. With the exception of a relatively small number of tapes made by victims, cooperating individuals, and investigators, the bulk of the recorded conversations were made by the president of Best Marketing in 1996 using a multi-track VHS audio recording system. These tapes are available for inspection by making an appointment with Agent O'Neal, as indicated above. In addition to the cassette tapes and transcripts provided with this response, a few additional cassettes have been made from the VHS tapes, and a few of these tapes have corresponding transcripts which are also available for inspection. In addition there are FTC filings

and exhibits which may contain statements by the defendant and his coconspirators. Also, as indicated below, available for inspection are tapes containing statements of the defendant engaging in similar fraudulent telemarketing while employed at Datron Marketing prior to working for Best Marketing.

Also available for inspection are numerous documents containing Penny's written statements, including but not limited to, documents seized during the search and bank records.

2. The undersigned is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial, except for personal booking information.

Although the following statements were not made in response to interrogation by any person then known to the defendant to be a government agent, the government is disclosing them voluntarily: statements made by Penny to victims as indicated in the 302's relating to counts 11-20, and statements which may be referenced in additional 302's being provided (as listed in ¶ 5 below).

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. The following items are being provided along with this response:

   - 302 listing employees at the time of the search warrant
   - 302's of: Goldberg (3), Salzman (2), Geier, Blane, Yates, White, and Ingram.
   - search warrant affidavit
   - diagram of Best Marketing offices
   - copies of pitches
   - car award announcement
   - 302's of Best Marketing customers who won vehicles: Linda Patton, Robert Marcello (2 302's and related documents), and Jay Coulter.
   - Printed Summary Chart of Penny's sales at Best Marketing
   - Printed Summary Chart of all Best Marketing sales from 95-96

- discs containing database of Best Marketing sales
- items relating to Dudley: Dudley's 302's (2), summary chart of Dudley's sales, 302's of victims and sales records corresponding to counts 2-10
- Summary of bank records from 1/95 to 4/30/96
- summary of Hexter's unreported income

Additional books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at the FBI by making an appointment with Agent O'Neal as indicated above. Please note that there are approximately 96 boxes and multiple filing cabinets of records seized during the search (including for example, desk and office contents, customer files and lead cards, correspondence, complaint "red" files). There are also business records such as bank records and records from vendors of advertising items.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>,

4

    360 U.S. 264 (1959). The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above. Provided with this response are limited use immunity letters for Ruth Geier, Sandy Salzman, Mark Goldberg, and Edward Hexter (deceased), as well as the plea agreements for Goldberg and Hexter.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above. Provided with this response is the criminal history of co-conspirator Yates.

F. There were no lineup, show up, photo spread or similar identification proceedings in this case.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

 In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

 Defendants Penny and Martin were engaged in similar fraudulent telemarketing activity at Datron Marketing just prior to working for Best Marketing. Along with this response is a 302 of the state officer who investigated the Datron Marketing fraud and a list of sales to victims who complained concerning Datron Marketing. There are additional documents and tapes that are available for

5

|      |                                                                                                                                                                                                 |
|------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | inspection by making an appointment with Agent O'Neal as indicated above.                                                                                                                       |
| I.   | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.                                                         |
| J.   | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.                                                |
| K.   | No contraband is involved in this indictment.                                                                                                                                                   |
| L.   | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.                                    |
| M.   | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.                                              |
| N.   | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.                           |
| O.   | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |

The government hereby requests that the defense stipulate to the following facts:

> The telephone phone toll records / bank records / receipts and invoices / memoranda / computer printouts / vendor records/ etc./ made available for discovery are true copies of business records. They were maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

6

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as alleged in the indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:  _____
ANA MARIA MARTINEZ
Assistant United States Attorney
Florida Bar No. 0735167
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9431
Fax: (305) 530-6168

cc:  FBI Special Agent Colleen O'Neal

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was provided this 21st day of November, 2000 to: Joel Kaplan, Esq., 100 Biscayne Blvd., Suite 1100, Miami, FL 33132.

ANA MARIA MARTINEZ
Assistant United States Attorney