NIGHT BOX
FILED

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6270-Graham
Magistrate Judge Turnoff

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                              )<br>)<br>CHARLES MARTIN, et al.              )<br>)<br>Defendants.                              )<br>_____ ) | **GOVERNMENT'S RESPONSE TO<br>THE STANDING DISCOVERY ORDER<br>AS TO DEFENDANT CHARLES MARTIN** |

The United States hereby files this response to the Standing Discovery Order issued with respect to defendant CHARLES MARTIN. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

This response refers to copies of documents that are being provided to defense counsel. The documents are bates labeled 1 - 1687. An index is attached. Please advise the undersigned if you are missing any documents. Please note that due to the volume, the documents are not being filed with the court. The items provided along with this discovery response are not all evidence that the government may intend to introduce at trial. Please note that, as indicated below, a large volume of additional documents and tapes are available for inspection by making appointment with FBI Special Agent Colleen O'Neal at (305) 957-7406.

As of this date, two discovery conferences have been held at the FBI: 1) Wednesday December 13, 2000 - attended by Pat Hunt, AFPD, Dohn Williams, Esq., Richard Matteer, Esq., and Joel Kaplan, Esq.; 2) Wednesday December 20, 2000 - attended by Joel Kaplan (declined by Dohn Williams and Pat Hunt). A third discovery conference is scheduled for <u>8 a.m. - 12 noon on Wednesday January 3, 2001</u>. Please advise agent O'Neal at least 24 hours prior to this date if you plan on attending.

All documents have been available for inspection at the discovery conferences. Each counsel has requested certain documents to be copied. Those documents have been provided to International Legal Imprints. <u>Each counsel should contact the copying service to make payment and delivery arrangements for their copies</u>. We will provide counsel with a general index of the documents provided to the copying service. If you have any further questions, you may contact agent O'Neil, the copying service, or the undersigned's secretary, Donna Cobb.

On December 13, 2000 certain items were also provided. Counsel for each of the 3 defendants who are still pending trial were given copies of the audio tapes from an investigation conducted by the Minnesota Attorney General. The tapes were marked as follows.

1- 2/27/96 - "Shirley" -- Catherine Welsh -- Bob Masters (9:20 am)
2- 2/27/96 - "Shirley" -- Catherine Welsh -- Robin Davis (12:15pm)
3- 5/2/96 - #1-28
4- 5/2/96 - #1-29
5- 6/6/96 & 6/20/96 - Best Marketing – Sandy Salzman –
               (Also labeled # 1-37 - 6/26/96)
6- 6/7/96 & 6/20/96 - Best Marketing - Sandy Salzman w. J. Goyman
               (#1-35)
7- 6/24/96 - G & D Truck

On December 13, 2000, Martin's attorney was also provided the following.

- audio tapes of Martin's conversations relating to counts 21-31 of the indictment

- audio tapes of the following conversations by Martin
  - 2/7/96 & 4/8/96 - Latham
  - 2/22/96 - Ron Hall (#1-52)
  - 5/30/96 & 7/2/96 - Latham
  - 6/18/96 - Bob
  - 6/18/96 - Robert Knappenberger
  - 6/25/96 - David Wilson
  - 6/25/96 - Ron Hall (#1-53)
- audio tapes and transcripts of conversations of Martin and his coconspirators recorded with the assistance of a cooperating individual, Robert Lipp, on 2/26/96 (3 tapes) and 2/27/96 (1 tape).
- video tapes: by the cooperating witness on 2/28/96; surveillance on 2/29/96; surveillance on 3/5/96; search warrant on 7/17/96.
- 3 discs containing the summary chart of all the Best Marketing sales (also provided to counsel for Dudley on 12/13/00 and to counsel for Penney with his SDO response)
- Datron Marketing 1992 tape from Detective Calabro (also provided to counsel for Penney on 12/13/00 - defendants Martin & Penney worked at Datron before moving to Best)

> A. 1. As noted above, tapes were provided to counsel on 12/13/00, and transcripts are being provided with this response as indicated in the attached index. Please note, as indicated in the previous discovery responses, that there are estimated to be thousands of hours of recorded conversations between coconspirators and customers of Best Marketing, Inc. With the exception of a relatively small number of tapes made by victims, cooperating individuals, and investigators, the bulk of the recorded conversations were made by the president of Best Marketing in 1996 using a multi-track VHS audio recording system. These tapes are available for inspection by making an appointment with Agent O'Neal, as indicated above. In addition there are FTC filings and exhibits which may contain statements by the defendant and his coconspirators. Also, as indicated below, available for inspection are tapes containing statements of the defendant engaging in similar fraudulent telemarketing while employed at Datron Marketing prior to working for Best Marketing. Also available for inspection are numerous documents containing Martin's written statements, including but not limited to, documents seized during the search and bank records.
>
> 2. Defendant Martin made oral statements to the officers who arrested him in California and he also provided his personal booking information. The undersigned has requested the 302 of the California statements and it will be provided as soon as it is received by this office.
>
> Although the following statements were not made in response to interrogation by any person then known to the defendant to be a government agent, the

3

        government is disclosing them voluntarily: statements made to victims and other witnesses whose 302's are being provided as indicated in the attached index.

3. No defendant testified before the Grand Jury.

4. The undersigned is not aware of an NCIC record of the defendant.

5. As indicated above, discovery conferences have been held and tapes and discs have been provided. Documents provided with this response are listed on the attached index. Also as indicated above, additional requested documents have been provided to the copying service and each defense attorney should contact the service named above to arrange for delivery and payment of their copies.

        Additional books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at the FBI by making an appointment with Agent O'Neal as indicated above. Please note that there are approximately 96 boxes and many filing cabinets of records seized during the search (including for example, desk and office contents, customer files and lead cards, correspondence, complaint "red" files). There are also business records such as bank records and records from vendors of advertising items. The physical items also include some of the advertising specialty items, some of the premiums, and the computers from Best Marketing.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above.

4

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above. Provided with this response are limited use immunity letters for Ruth Geier, Sandy Salzman, Mark Goldberg, and Edward Hexter (deceased), as well as the plea agreements for Goldberg and Hexter.

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The information currently known to the United States is either being provided with this response or is available for inspection at the FBI by making an appointment with Agent O'Neal as indicated above. Provided with this response is the criminal history of co-conspirator Yates.

F.      There were no lineup, show up, photo spread or similar identification proceedings in this case.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

Defendants Penny and Martin were engaged in similar fraudulent telemarketing activity at Datron Marketing just prior to working for Best Marketing. Along with this response is a 302 of the state officer who investigated the Datron Marketing fraud, a list of sales to victims who complained concerning Datron Marketing, and other victim documents. A tape was also provided on 12/13/00. There are additional documents and tapes that are available for inspection by making an appointment with Agent O'Neal as indicated above.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    The government hereby requests that the defense stipulate to the following facts:

> The telephone phone toll records / bank records / receipts and invoices / memoranda / computer printouts / vendor records/ etc./ made available for discovery are true copies of business records. They were maintained in the course of a regularly conducted business activity and created at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction.

P.     At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as alleged in the indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ANA MARIA MARTINEZ
Assistant United States Attorney
Florida Bar No. 0735167
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9431
Fax: (305) 530-6168

cc:   FBI Special Agent Colleen O'Neal

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided this 20th day of December, 2000 to: H. Dohn Williams, Esq., 100 N. Biscayne Blvd. #2402, Miami, FL 33132.

_____<br>
ANA MARIA MARTINEZ<br>
Assistant United States Attorney

| U.S.A. v. HEXTER, et al. | Case #: 00-6270-CR-GRAHAM |
|---|---|

| BATES NO.'S | DESCRIPTION |
|---|---|
| 1 - 8 | 2 - 302's - Dudley |
| 9 - 168 | Counts 2 - 10 (Victim 302's, sales order forms, and transcripts) |
| 169 - 525 | Summary chart of Sales from 1995 - 1996 |
| 526 - 539 | Search Warrant Affidavit |
| 540 - 543 | 302 of Employees identified during the search |
| 544 - 727 | Summary chart of Dudley's sales 1989 - 1996 |
| 728 - 732 | Hannibal Penney Criminal Record |
| 733 | 302 - Phyllis Blane |
| 734 | 302 Jimmie Yates |
| 735 -36 | 302 Howard White |
| 737 | 302 Shawn Ingram |
| 738-39 | Corporate Pitch |
| 740-49 | 2 - 302's - Sydell (Sandy) Salzman |
| 750-56 | 2 - 302's - Ruth Geier |
| 757-68 | 3 - 302's - Marc Goldberg |
| 769-790 | Pitches |
| 791 | Summary of Best Marketing's Nations Bank Account from 1/1/95 to 4/30/96 |
| 792 | Best Marketing Bonus Memo |
| 793-97 | Plea Agreement - Goldberg |
| 798 - 801 | Plea Agreement - Hexter |
| 802 - 803 | Limited use immunity letter - Hexter |
| 804 - 805 | Limited use immunity letter - Goldberg |
| 806 - 810 | Limited use immunity letter - Dudley |
| 811 - 813 | Limited use immunity letter - Salzman |
| 814 | Summary of Hexter income from 1994 to 1996 |
| 815 - 819 | Jimmie Yates Criminal Record |
| 820 - 836 | 302's of Vehicle Winners |
| 837 - 852 | Count 11 (302 of victim, sales order form and transcript) |
| 853 - 873 | Count 12 (302 of victim, sales order form and transcript) |
| 874 - 924 | Count 13 (302 of victim, sales order form and transcript) |

| | |
|---|---|
| 925 - 943 | Count 14 (302 of victim, sales order form and transcript) |
| 944 - 963 | Count 15 (302 of victim, sales order form and transcript) |
| 964 - 975 | Count 16 (302 of victim, sales order form and transcript) |
| 976 - 997 | Count 17 (302 of victim, sales order form and transcript) |
| 998 -1027 | Count 18 (302 of victim, sales order form and transcript) |
| 1028-1050 | Count 19 (302 of victim, sales order form and transcript) |
| 1051-1068 | Count 20 (302 of victim, sales order form and transcript) |
| 1069-1081 | Summary Chart of Penney's Sales |
| 1082-1291 | Transcripts of conversations with Robert Lipp |
| 1292-1307 | Summaries regarding Datron Marketing |
| 1308-1328 | Pitches |
| 1329 | Chart of Best Marketing Office |
| 1330-1585 | Counts 21-31 (302's, order forms, Transcripts) |
| 1586-1598 | 6/18/96 transcript - "Murphy" (Martin) with Knappernberger |
| 1599-1626 | Payroll records |
| 1627-1637 | Summary Chart of Martin's Sales |
| 1638-1639 | 302 - Garrigues (regarding Martin) |
| 1640 | 302 - Surveillance of Martin vehicle |
| 1641 | Vehicle record for Hexter |
| 1642-1657 | Minnesota Attorney General Reports |
| 1658-1665 | 302 - Kroeger (regarding Dudley) |
| 1666-1673 | 302 - Benchmark Entertainment (Martin employment) |
| 1674-1684 | Datron Victim Records |
| 1685-1687 | 302 - Buttry (regarding Penney) |