UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FOR FLORIDA

MAR 0 6 2001

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   CASE NO. 00-6270-CR-GRAHAM

CHARLIE MARTIN,

    Defendant.
_____/

## NOTICE OF FILING

The Defendant, Charlie Martin, notices the Court that the government and the Defendant have reached a plea agreement. Attached hereto is a copy of the plea agreement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed on March 6, 20001 to:

Ana Marie Martinez
Assistant U.S. Attorney
99 NE 4th Street
Miami, FL 33132

                              HICKS, ANDERSON & KNEALE
                              New World Tower, Suite 2402
                              100 N. Biscayne Boulevard
                              Miami, FL 33132
                              305-374-8171; 305-372-8038 (fax)

                              By: _____
                                  H. Dohn Williams Jr.
                                  Fla. Bar #166087

G:\martin\pleadings\noticeplea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6270-Cr-Graham

UNITED STATES OF AMERICA

-vs-

CHARLIE MARTIN
_____/

## PLEA AGREEMENT

The United States of America and CHARLIE MARTIN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the indictment, which charges the defendant with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 371.

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing. This agreement resolves the defendant's federal criminal liability in the Southern District of Florida arising out of any criminal conduct by the defendant known to the U.S. Attorney's Office for this District as of the date of this agreement, with respect to the defendant's employment at Best Marketing and Datron.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain

1

circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five (5) years on count 1, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000. The defendant further understands that the Court must order restitution to the victims of the offense, and the defendant agrees to pay $210,524.26 in restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees to pay this assessment before or at the sentencing hearing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

2

7. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Loss</u>: That the loss amount attributable as relevant conduct to this defendant pursuant to Guideline Section 2F1.1(b)(1) is more than $200,000 but less than $350,000; and

b. <u>More than minimal planning and/or a scheme to defraud more than one victim</u>: That the defendant's offense conduct involved more than minimal planning and/or a scheme to defraud more than one victim under Guideline Section 2F1.1(b)(2).

8. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If the defendant's offense level is 16 or greater and the defendant notifies the government and the court of his intention to enter a guilty plea sufficiently in advance so as to permit the government to avoid preparing for trial, the United States agrees that it will recommend that the court reduce by one additional level the sentencing guideline level pursuant to Section 3E1.1 (b). However, the United States will not be required to make the sentencing recommendations stated in this agreement if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct and the defendant's finances; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to

3

committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees to not seek a downward departure or any further adjustments under the guidelines.

10 The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in paragraphs 2, 7, and 8 of this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which that sentence was determined, including the Court's application of the Sentencing Guidelines, unless (1) the sentence exceeds the maximum permitted by statute, (2) the sentence is the result of an upward departure from the guideline range the court establishes at sentencing, and/or (3) the court decides not to follow one or more of the sentencing recommendations made pursuant to paragraphs 7 and 8 above. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any

4

recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: _____           By: _____
                            ANA MARIA MARTINEZ
                            ASSISTANT UNITED STATES ATTORNEY

Date: 2/23/01           By: _____
                            DOHN WILLIAMS, ESQUIRE
                            ATTORNEY FOR DEFENDANT

Date: 3/6/01            By: _____
                            CHARLIE MARTIN
                            DEFENDANT

5