UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6270-CR-GRAHAM
Magistrate Judge Turnoff

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
v.                         )
                           )
CHARLES MARTIN,            )
                           )
        Defendant.         )
_____/

FILED by _____ D.C.
MAY 02 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
### PURSUANT TO SECTION 5K1.1 OF THE FEDERAL SENTENCING GUIDELINES

The United States of America, through the undersigned Assistant United States Attorney, hereby files this motion, pursuant to Section 5K1.1 of the Federal Sentencing Guidelines, for a downward departure, based upon the defendant's substantial assistance in the investigation and prosecution of other persons. In support thereof, the government states as follows:

1. On March 27, 2001, defendant Martin pled guilty to Count I of the indictment in this cause, which charged the defendant with conspiring to commit wire fraud, in violation of Title 18, United States Code, Section 371.

2. Shortly after his arrest in this case, the defendant gave a full account of his own involvement in the offense conduct as well as an account of his knowledge of fraudulent activities of others at Best Marketing and other telemarketing companies.



Thereafter, Martin has been unceasingly available, cooperative, and reliable. On numerous occasions he has provided additional information during the pretrial stage of the prosecution of his codefendants. He testified at the suppression hearing, confirming his knowledge of the monitoring of sales calls. Martin also testified as to this practice in the industry and specifically at Datron where codefendant Penney worked with Martin prior to working at Best Marketing. Martin also provided assistance throughout the entire trial of the codefendants. When another cooperating defendant (Goldberg) was hospitalized, Martin listened to numerous additional tapes, and prepared to testify as to all matters, as it was possible that he would be the only cooperating defendant testifying at trial. Martin testified at trial as to various aspects of the scheme, the records kept by the defendants, and identified the voice of codefendant Penney who he had known for years. Martin also remained on stand by as a possible rebuttal witness.

3. Pursuant to Section 5K1.1 of the United States Sentencing Guidelines, a downward departure in sentencing range may be granted when the government moves for such a departure, based upon substantial assistance in the investigation or prosecution of another person for criminal conduct. As explained above, Martin's cooperation was forthright and significant. Throughout, he was unwavering in his willingness to be helpful and truthful. Also, he

has demonstrated remorse and sincere efforts at rehabilitation.

For the above reasons, as well as additional information that may be provided at the sentencing hearing, the government respectfully requests that this Court reduce the sentencing range of defendant Charlie Martin in light of his substantial assistance to the government in a criminal investigation and prosecution. The government requests leave to present its recommendation as to the level of the reduction at the sentencing hearing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
ANA MARIA MARTINEZ
DEBRA STUART
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0735167
Court No. A5500061
99 N.E. 4th Street, Suite 200
Miami, Florida  33132
Telephone: (305)061-9431
FAX: (305) 530-6168

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand delivered this 2nd day of May, 2002, in open court in West Palm Beach, Florida, to Dohn Williams, Esquire, and Richard Matteer, Esq. counsel for defendant Charles Martin.

                                    Ana Maria Martinez
                                    Assistant United States Attorney